Cynthia L. CHAMPAGNE, Plaintiff—Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, Defendant—Appellee.

No. 02–35376.

D.C. No. CV–00–00144–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2002.*

Decided Nov. 14, 2002.

Before TROTT, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM **

Cynthia Champagne appeals the district court decision to affirm an administrative denial of her application for disability benefits and supplemental security income. We affirm. Because the parties are famil-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

iar with the facts and procedural history, we will not recount them here.

## I

Champagne first argues that she suffers from anatomical deformity of both feet, matching the description in 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.09 (2001). If true, this would automatically qualify her for total disability. All parties agree that Champagne has a severe degenerative condition in her left foot that would qualify under § 1.09, leaving the dispute centered entirely on her right foot. In rejecting this claim, the ALJ and the magistrate judge cited medical reports showing that her right foot injury had basically healed by late 1999.

Champagne argues that other medical reports from 1999 continue to show significant damage to her right ankle, but the record does not support her claim. The September 1999 radiology report by Dr. Harris consistently describes her lingering right foot problems as "mild" or "slight" and describes the overall configuration as "stable." The October 1999 report by Dr. Huebner states "[t]here does not appear to be any problem with the healing." Both of these reports also precede surgery undertaken to address the residual pain in her right ankle by removing hardware still in place. As a result, the record provides substantial evidence in support of the ALJ's determination that Champagne did not qualify under § 1.09.

## II

Champagne also challenges the ALJ's determination that she can perform sedentary work, principally focusing on the ALJ's dismissal of her claim of subjective pain. A claimant alleging disability based upon subjective symptoms must first present objective medical evidence of an under-

lying impairment that could reasonably be expected to produce the alleged symptoms. *Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir.1991). Once that threshold is passed, and in the absence of any affirmative evidence of malingering, an ALJ may reject the claimant's testimony only after making specific findings stating clear and convincing reasons for doing so. *Smolen v. Chater,* 80 F.3d 1273, 1283–84 (9th Cir.1996). In evaluating such a claim, the ALJ may consider, among other factors, the type of pain medication taken, inadequately explained failure to seek treatment, the claimant's level of daily activities and work history, and observations by examining physicians or third parties. *Id; see also* 20 C.F.R. 404.1529(c)(1)-(3).

The ALJ identified several factors indicating the pain was not as severe or debilitating as Champagne stated, including her decision to take only aspirin for her pain, her postponement of additional surgery, her admissions that she could still use her upper extremities and perform certain household tasks, and medical evidence that either contradicted or failed to confirm her claims.

Taken individually, these factors may not be determinative. Champagne had been taking stronger pain medication, claimed that she did not like how it made her feel, and had been advised by her doctor on at least one occasion to try ibuprofin rather than prescription medication. The record shows Champagne wanted additional left foot surgery but had variously postponed the procedure due to financial problems or other medical conditions. She also consistently treated her foot through aspirin, elevation and rest.[1] Although Champagne engaged in limited household activities, they did not consume a substantial part of her day and therefore do not necessarily detract from her credibility. *Vertigan v. Halter,* 260 F.3d 1044, 1049–51 (9th Cir.2001).

---

1. These measures are relevant to the evaluation of her symptoms under 20 C.F.R. § 404.1529(c)(3)(vi).

Nonetheless, each of these factors is relevant to the ALJ's overall determination of Champagne's credibility and testimony of subjective pain. Moreover, medical examiners consistently concluded that she was capable of engaging in sedentary work, even after her right ankle injury. Although Champagne provided evidence of a medical impairment that might reasonably be expected to give rise to her pain, the record provides substantial evidence in support of the ALJ's decision to reject her claim of subjective pain. Because the ALJ presented specific findings with clear and convincing reasons for discrediting her testimony, we affirm the decision of the district court to uphold the denial of benefits.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.